IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK ONE WIPES, LLC | : | Case No. 3:22-cv-00258-JJH |
| Plaintiff, | : | (Hon. Jeffrey J. Helmick) |
| vs. | : | **JOINT ANSWER OF ALL INDIVIDUAL DEFENDANTS TO PLAINTIFF'S COMPLAINT** |
| ALSTON & BIRD LLP, et al. | : | |
| Defendants. | : | |
| | : | |

For their joint answer to Plaintiff's Complaint, individual defendants Kevin S. Minoli, Esq., Elise N. Paeffgen, Esq., Samuel D. Jockel, Esq., Brendan Carroll, Esq., and Daniel G. Jarcho, Esq. (collectively, the "Individual Defendants") jointly admit, deny, allege, and aver as follows:

### FIRST DEFENSE

1. In response to the allegations in paragraph 1 of the Complaint, the Individual Defendants admit this is an action for alleged legal malpractice, and admit Plaintiff seeks compensatory damages, attorney's fees, and costs of this litigation. The Individual Defendants deny the remaining allegations set forth in paragraph 1 of the Complaint.

2. The Individual Defendants admit that Plaintiff purports to assert a claim for malpractice under Ohio law but deny that purported claim has any merit.

3. The Individual Defendants admit the allegations set forth in paragraph 3 of the Complaint.

4. The Individual Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5. The Individual Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6. In response to the allegations in paragraph 6 of the Complaint, the Individual Defendants admit Mark One Wipes, LLC is an Ohio limited liability company. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint and accordingly deny those allegations for lack of knowledge.

7. The Individual Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. The Individual Defendants admit the allegations set forth in paragraph 8 of the Complaint.

9. The Individual Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10. The Individual Defendants admit defendant Jockel is a senior associate in Alston's Washington D.C. office and is a citizen of the District of Columbia.

11. The Individual Defendants admit defendant Carroll is a partner in Alston's Washington D.C. office, that he was a citizen of the District of Columbia at the time the Complaint was filed, and that he is now a citizen of Maryland.

12. The Individual Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13. The Individual Defendants admit Ms. Benway is a partner of Alston, but deny the remaining allegations set forth in paragraph 13 of the Complaint.

14. The Individual Defendants admit the allegations set forth in paragraph 14 of the Complaint.

15. In response to the allegations in paragraph 15 of the Complaint, the Individual Defendants admit Mark One Wipes, LLC was formed and headquartered in Ohio. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint and accordingly deny those allegations for lack of knowledge.

16. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and accordingly deny those allegations for lack of knowledge.

17. In response to the allegations in paragraph 17 of the Complaint, the Individual Defendants admit Alston & Bird LLP's website described the experience of its firm's lawyers, and contains an advisory titled "*Food, Drug & Device/FDA/Environment, Land Use & Natural Resources Advisory*: Cleaning Up After COVID-19? What You Need to Know *Before* You Manufacture, Import, or Sell Sterilizers, Sanitizers, Purifiers, and Disinfectants," and defendants Minoli, Paeffgen, and Jockel are listed as authors of this advisory. Further, the Individual Defendants admit defendants Minoli and Paeffgen are partners in Alston & Bird LLP's Washington, D.C. office, and defendant Jockel is a senior associate. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint and accordingly deny those allegations for lack of knowledge.

18. In response to the allegations in paragraph 18 of the Complaint, the Individual Defendants admit defendant Minoli's biography on Alston & Bird LLP's website correctly states he has "Advised companies bringing sanitizer and disinfectant products to market for the first time on

compliance with EPA and FDA regulations." The Individual Defendants deny the remaining allegations set forth in paragraph 18 of the Complaint.

19. The Individual Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20. In response to the allegations in paragraph 20 of the Complaint, the Individual Defendants state the July 27, 2020 email is a document for which no further comment is required, and to the extent any allegations in paragraph 20 are inconsistent with the content of this email, the Individual Defendants deny them. The Individual Defendants deny the remaining allegations set forth in paragraph 20 of the Complaint.

21. The Individual Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. In response to the allegations in paragraph 22 of the Complaint, the Individual Defendants state the April 12, 2019 FDA action titled *Safety and Effectiveness of Consumer Antiseptic Rubs; Topical Antimicrobial Drug Products for Over-the-Counter Human Use* is a document for which no further comment is required, and to the extent any allegations in paragraph 22 are inconsistent with the content of this document, the Individual Defendants deny them. The Individual Defendants deny the remaining allegations set forth in paragraph 22 of the Complaint.

23. The Individual Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. In response to the allegations in paragraph 24 of the Complaint, the Individual Defendants admit, upon information and belief, that multiple containers of wipes were held for review in the fall of 2020, including at ports of entry in Columbus, Ohio and Los Angeles, California, and five containers were flagged for review but ultimately released. The Individual Defendants deny the remaining allegations set forth in paragraph 24 of the Complaint.

25. In response to the allegations in paragraph 25 of the Complaint, the Individual Defendants admit that defendant Carroll began efforts to appeal the detention of several of the containers described in paragraph 24, and that defendant Jarcho briefly consulted with defendant Carroll. The Individual Defendants deny defendant Benway provided any legal advice relating in any way to the held wipes, and further deny the remaining allegations set forth in paragraph 25 of the Complaint.

26. In response to the allegations in paragraph 26 of the Complaint, the Individual Defendants admit, upon information and belief, that certain officials at the FDA claimed the label was incorrect, and that conclusion was communicated to Plaintiff and to Alston & Bird LLP attorneys. With respect to the December 7, 2020 email from Merril Racke, Ph.D., the Individual Defendants state this email is a document for which no further comment is required, and to the extent any allegations in paragraph 26 are inconsistent with the content of this email, the Individual Defendants deny them. The Individual Defendants deny the remaining allegations set forth in paragraph 26 of the Complaint.

27. In response to the allegations in paragraph 27 of the Complaint, the Individual Defendants state the December 8, 2020 email from defendant Carroll is a document for which no further comment is required, and to the extent any allegations in paragraph 27 are inconsistent with the content of this email, the Individual Defendants deny them. The Individual Defendants deny the remaining allegations set forth in paragraph 27 of the Complaint.

28. In response to the allegations in paragraph 28 of the Complaint, the Individual Defendants deny their efforts to overturn the compliance officers' decision completely failed, and admit the firm's representation of Mark One Wipes, LLC ended shortly after February 26, 2021. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations set forth in paragraph 28 of the Complaint and accordingly deny those allegations for lack of knowledge.

29. In response to the allegations in paragraph 29 of the Complaint, the Individual Defendants deny Carroll "instructed" Plaintiff to relabel wipes and import them back into the United States; this advice was one of several options discussed with Plaintiff. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint and accordingly deny those allegations for lack of knowledge.

30. In response to the allegations in paragraph 30 of the Complaint, the Individual Defendants deny they provided deficient advice or instruction. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint and accordingly deny those allegations for lack of knowledge.

31. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and accordingly deny those allegations for lack of knowledge.

32. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and accordingly deny those allegations for lack of knowledge.

33. Answering paragraph 33, the Individual Defendants replead, as if fully restated, the admissions, denials, and averments set forth in paragraphs 1-32 above.

34. In response to the allegations in paragraph 34 of the Complaint, the Individual Defendants admit that at various times, one or more of the Individual Defendants represented Mark

One Wipes, LLC in connection with the import of hand-sanitizing wipes. The Individual Defendants deny the remaining allegations set forth in paragraph 34 of the Complaint.

35. In response to the allegations in paragraph 35 of the Complaint, the Individual Defendants admit that at various times, an attorney-client relationship existed between Mark One Wipes, LLC and one or more of the Individual Defendants. The Individual Defendants deny the remaining allegations set forth in paragraph 35 of the Complaint.

36. In response to the allegations in paragraph 36 of the Complaint, the Individual Defendants state this paragraph consists solely of legal conclusions for which no response is required. To the extent any allegations in paragraph 36 of the Complaint are inconsistent with the law governing this action, the Individual Defendants deny them.

37. The Individual Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. The Individual Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. In response to the allegations in paragraph 39 of the Complaint, the Individual Defendants admit they are either partners or associates of Defendant Alston, deny any defendant committed malpractice, and therefore deny the remaining allegations contained in paragraph 39 of the Complaint.

40. The Individual Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. The Individual Defendants deny each and every allegation and part thereof which is set forth in the Complaint and not specifically admitted in the preceding paragraphs.

**DEFENSES**

42. The Complaint fails to state, in whole or in part, claims against the Defendants upon which relief may be granted.

43. Plaintiff's claims are barred by or attributable to, in whole or in part, the independent intervening and superseding conduct of third parties over whom or which the Defendants have no control or duty to control.

44. Plaintiff's claims are barred, in whole or in part, by the applicable statute or period of limitations or by the equitable principle of laches.

45. Plaintiff waived or should otherwise be estopped from asserting its claims against the Defendants.

46. The losses and damages claimed by Plaintiff were directly and proximately caused, in whole or in part, by the acts and conduct and should be reduced or barred in accordance with the principles of comparative negligence or fault.

47. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

48. Plaintiff's claims are barred, in whole or in part, due to lack of standing.

49. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to join a party necessary to the adjudication of this matter.

50. Plaintiff's claims are barred, in whole or in part, due to lack of personal jurisdiction, improper venue, and insufficiency of service of process.

51. Plaintiff's claims are barred because Defendants' advice comported with existing, applicable federal rules and regulations regarding the product and matter at issue.

52. As discovery has not been completed, Defendants reserve the right to add additional defenses as may be warranted based upon the facts as they are developed.

**WHEREFORE**, Defendants pray that the Complaint be dismissed and that they recover their costs and attorney's fees incurred herein.

Respectfully submitted,

EASTMAN & SMITH LTD.

/s/ Adam S. Nightingale
Reginald S. Jackson, Jr. (0003558)
Adam S. Nightingale (0079095)
Nicholas W. Bartlett (0100990)
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
E-mail: rsjackson@eastmansmith.com
asnightingale@eastmansmith.com
nwbartlett@eastmansmith.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically with the Court on May 31, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Adam S. Nightingale
An Attorney for Defendants
