IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK ONE WIPES, LLC | : | Case No. 3:22-cv-00258-JJH |
| Plaintiff, | : | (Hon. Jeffrey J. Helmick) |
| vs. | : | **ANSWER AND COUNTERCLAIM OF DEFENDANT ALSTON & BIRD LLP** |
| ALSTON & BIRD LLP, et al. | : | |
| Defendants. | : | |
| | : | |

For its answer to Plaintiff's Complaint, defendant Alston & Bird LLP ("Alston") admits, denies, alleges, and avers as follows:

**FIRST DEFENSE**

1. In response to the allegations in paragraph 1 of the Complaint, Defendant Alston admits this is an action for alleged legal malpractice, and admits Plaintiff seeks compensatory damages, attorney's fees, and costs of this litigation. Defendant Alston denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. Defendant Alston admits that Plaintiff purports to assert a claim for malpractice under Ohio law but denies that purported claim has any merit.

3. Defendant Alston admits the allegations set forth in paragraph 3 of the Complaint.

4. Defendant Alston denies the allegations set forth in paragraph 4 of the Complaint.

5. Defendant Alston denies the allegations set forth in paragraph 5 of the Complaint.

6. In response to the allegations in paragraph 6 of the Complaint, Defendant Alston admits Mark One Wipes, LLC is an Ohio limited liability company. Defendant Alston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint and accordingly denies those allegations for lack of knowledge.

7. Defendant Alston admits the allegations set forth in paragraph 7 of the Complaint.

8. Defendant Alston admits the allegations set forth in paragraph 8 of the Complaint.

9. Defendant Alston admits the allegations set forth in paragraph 9 of the Complaint.

10. Defendant Alston admits defendant Jockel is a senior associate in Alston's Washington D.C. office and is a citizen of the District of Columbia.

11. Defendant Alston admits defendant Carroll is a partner in Alston's Washington D.C. office, that he was a citizen of the District of Columbia at the time the Complaint was filed, and that he is now a citizen of Maryland.

12. Defendant Alston admits the allegations set forth in paragraph 12 of the Complaint.

13. Defendant Alston admits Ms. Benway is a partner of Alston, but denies the remaining allegations set forth in paragraph 13 of the Complaint.

14. Defendant Alston admits the allegations set forth in paragraph 14 of the Complaint.

15. In response to the allegations in paragraph 15 of the Complaint, Defendant Alston admits Mark One Wipes, LLC was formed and headquartered in Ohio. Defendant Alston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint and accordingly denies those allegations for lack of knowledge.

16. Defendant Alston is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and accordingly denies those allegations for lack of knowledge.

17. In response to the allegations in paragraph 17 of the Complaint, Defendant Alston admits its website described the experience of its firm's lawyers, and contained an advisory titled "*Food, Drug & Device/FDA/Environment, Land Use & Natural Resources Advisory*: Cleaning Up After COVID-19? What You Need to Know *Before* You Manufacture, Import, or Sell Sterilizers, Sanitizers, Purifiers, and Disinfectants," and defendants Minoli, Paeffgen, and Jockel are listed as authors of this advisory. Further, Defendant Alston admits defendants Minoli and Paeffgen are partners in its Washington, D.C. office, and defendant Jockel is a senior associate. Defendant Alston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint and accordingly denies those allegations for lack of knowledge.

18. In response to the allegations in paragraph 18 of the Complaint, Defendant Alston admits defendant Minoli's biography on its website correctly states he has "Advised companies bringing sanitizer and disinfectant products to market for the first time on compliance with EPA and FDA regulations." Defendant Alston denies the remaining allegations set forth in paragraph 18 of the Complaint.

19. Defendant Alston denies the allegations set forth in paragraph 19 of the Complaint.

20. In response to the allegations in paragraph 20 of the Complaint, Defendant Alston states the July 27, 2020 email is a document for which no further comment is required, and to the extent any allegations in paragraph 20 are inconsistent with the content of this email, Defendant Alston denies them. Defendant Alston denies the remaining allegations set forth in paragraph 20 of the Complaint.

21. Defendant Alston denies the allegations set forth in paragraph 21 of the Complaint.

22. In response to the allegations in paragraph 22 of the Complaint, Defendant Alston states the April 12, 2019 FDA action titled *Safety and Effectiveness of Consumer Antiseptic Rubs; Topical Antimicrobial Drug Products for Over-the-Counter Human Use* is a document for which no further comment

is required, and to the extent any allegations in paragraph 22 are inconsistent with the content of this document, Defendant Alston denies them. Defendant Alston denies the remaining allegations set forth in paragraph 22 of the Complaint.

23. Defendant Alston denies the allegations set forth in paragraph 23 of the Complaint.

24. In response to the allegations in paragraph 24 of the Complaint, Defendant Alston admits multiple containers of wipes were held for review in the fall of 2020, including at ports of entry in Columbus, Ohio and Los Angeles, California, and admits that five containers were flagged for review but ultimately released. Defendant Alston denies the remaining allegations set forth in paragraph 24 of the Complaint.

25. In response to the allegations in paragraph 25 of the Complaint, Defendant Alston admits that defendant Carroll began efforts to appeal the detention of several of the containers described in paragraph 24, and that defendant Jarcho briefly consulted with defendant Carroll. Defendant Alston denies defendant Benway provided any legal advice relating in any way to the held wipes, and further denies the remaining allegations set forth in paragraph 25 of the Complaint.

26. In response to the allegations in paragraph 26 of the Complaint, Defendant Alston admits certain officials at the FDA claimed the label was incorrect, and admits that conclusion was communicated to Plaintiff and to one or more of its attorneys. With respect to the December 7, 2020 email from Merril Racke, Ph.D., Defendant Alston states this email is a document for which no further comment is required, and to the extent any allegations in paragraph 26 are inconsistent with the content of this email, Defendant Alston denies them. Defendant Alston denies the remaining allegations set forth in paragraph 26 of the Complaint.

27. In response to the allegations in paragraph 27 of the Complaint, Defendant Alston states the December 8, 2020 email from defendant Carroll is a document for which no further comment is required, and to the extent any allegations in paragraph 27 are inconsistent with the

content of this email, Defendant Alston denies them. Defendant Alston denies the remaining allegations set forth in paragraph 27 of the Complaint.

28. In response to the allegations in paragraph 28 of the Complaint, Defendant Alston denies its efforts to overturn the compliance officers' decision completely failed, and admits their representation of Mark One Wipes, LLC ended shortly after February 26, 2021. Defendant Alston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the Complaint and accordingly denies those allegations for lack of knowledge.

29. In response to the allegations in paragraph 29 of the Complaint, Defendant Alston denies Carroll "instructed" Plaintiff to relabel wipes and import them back into the United States; this advice was one of several options discussed with Plaintiff. Defendant Alston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint and accordingly denies those allegations for lack of knowledge.

30. In response to the allegations in paragraph 30 of the Complaint, Defendant Alston denies it provided deficient advice or instruction. Defendant Alston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint and accordingly denies those allegations for lack of knowledge.

31. Defendant Alston is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and accordingly denies those allegations for lack of knowledge.

32. Defendant Alston is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and accordingly denies those allegations for lack of knowledge.

6183529.1

33. Answering paragraph 33, Defendant Alston replead, as if fully restated, the admissions, denials, and averments set forth in paragraphs 1-32 above.

34. In response to the allegations in paragraph 34 of the Complaint, Defendant Alston admits that at various times, one or more of the Individual Defendants represented Mark One Wipes, LLC in connection with the import of hand-sanitizing wipes. Defendant Alston denies the remaining allegations set forth in paragraph 34 of the Complaint.

35. In response to the allegations in paragraph 35 of the Complaint, Defendant Alston admits that at various times, an attorney-client relationship existed between Mark One Wipes, LLC and Defendant Alston. Defendant Alston denies the remaining allegations contained in paragraph 35 of the Complaint.

36. In response to the allegations in paragraph 36 of the Complaint, Defendant Alston states this paragraph consists solely of legal conclusions for which no response is required. To the extent any allegations in paragraph 36 of the Complaint are inconsistent with the law governing this action, Defendant Alston denies them.

37. Defendant Alston denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant Alston denies the allegations set forth in paragraph 38 of the Complaint.

39. In response to the allegations in paragraph 39 of the Complaint, Defendant Alston admits that Defendants Minoli, Paeffgen, Jockel, Carroll, Jarcho, and Benway are either partners or associates of Defendant Alston, denies any defendant committed malpractice, and therefore denies the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendant Alston denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant Alston denies each and every allegation and part thereof which is set forth in the Complaint and not specifically admitted in the preceding paragraphs.

**DEFENSES**

42. The Complaint fails to state, in whole or in part, claims against the Defendants upon which relief may be granted.

43. Plaintiff's claims are barred by or attributable to, in whole or in part, the intervening and superseding conduct of others for whom Defendants have no legal responsibility.

44. All or some of Plaintiff's claims are barred by the applicable statute or period of limitations or by the equitable principle of laches.

45. Plaintiff waived or should otherwise be estopped from asserting its claims against the Defendants.

46. The losses and damages claimed by Plaintiff were directly and proximately caused, in whole or in part, by Plaintiff's own acts and conduct and should be reduced or barred in accordance with the principles of comparative negligence or fault.

47. One or more of Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

48. Plaintiff's claims are barred, in whole or in part, due to lack of standing.

49. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to join a party necessary to the adjudication of this matter.

50. Plaintiff's claims are barred, in whole or in part, due to lack of personal jurisdiction, improper venue, and insufficiency of service of process.

51. Plaintiff's claims are barred because Defendants' advice comported with existing, applicable federal rules and regulations regarding the product and matter at issue.

52. As discovery has not been completed, Defendants reserve the right to add additional defenses as may be warranted based upon the facts as they are developed.

**WHEREFORE**, Defendant Alston prays that the Complaint be dismissed and that it recovers its costs and attorney's fees incurred herein.

## COUNTERCLAIM

For its Counterclaim against Mark One Wipes, LLC, and without waiving any jurisdictional defenses asserted above, defendant/counterclaimant Alston & Bird, LLP hereby states and avers:

### THE PARTIES

1. Upon information and belief, plaintiff/counterclaim-defendant Mark One Wipes, LLC ("Mark One Wipes") is an Ohio limited-liability company with its principal place of business located at 351 Industrial Drive, Minster, Ohio 45865.

2. Defendant/Counterclaimant Alston & Bird LLP ("Alston") is a limited-liability partnership with its principal place of business located at 1201 West Peachtree Street, Suite 4900, Atlanta, Georgia 30309.

### JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different States and the amount in controversy well exceeds $75,000.

4. This Court has personal jurisdiction over Mark One Wipes because it resides in this judicial district.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in this district.

### COMMON UNDERLYING FACTS

6. On September 8, 2020, Mark One Wipes retained Alston as its legal counsel for regulatory assessment and compliance matters associated with sanitizer and disinfectant products.

7. Alston's billing practices applicable to this engagement were disclosed in writing to Mark One Wipes in a September 8, 2020 letter from Alston partner Kevin S. Minoli (the "Engagement Letter"). A copy of the Engagement Letter is attached hereto as Exhibit A.

8. On September 9, 2020, Mark One Wipes (via its statutory agent, Justin Spillers) accepted the terms of the Engagement Letter, and memorialized its acceptance by executing the Legal Services Agreement (the "Agreement") appended to the Engagement Letter:

**LEGAL SERVICES AGREEMENT**

I agree and acknowledge that I have read this letter and that an attorney with Alston & Bird LLP has explained this letter agreement to me and has answered all my questions about it. I hereby agree to the terms and conditions of this letter agreement and confirm that I have received a copy of this letter agreement.

Date: 9-9-20

For Mark One Wipes, LLC: _____
Justin Spillers

9. By executing this Agreement, Mark One Wipes agreed to comply with the terms and conditions of the Engagement Letter.

10. The Engagement Letter and Agreement required Mark One Wipes to pay Alston's invoices for services rendered (and costs expended) within 30 days of receipt.

11. Pursuant to the Engagement Letter and Agreement, Alston provided legal services to Mark One Wipes with respect to a number of products and matters. Three separate matters were opened to track various aspects of the representation: (a) Matter No. 694407, for Sanitizer Product Counseling; (b) Matter No. 694688, for Disinfectant Wipe Product Counseling; and (c) Matter No. 553241, relating to an FDA Import Matter.

12. Alston fully and skillfully performed all legal services requested by M.O. Mark One Wipes.

13. Alston invoiced Mark One Wipes for its fees and costs pursuant to the terms of the Engagement Letter and Agreement.

14. Specifically, Alston provided Mark One Wipes the following invoices:

| Matter ID | Matter Description | Invoice# | Invoice Date | Total Balance |
|---|---|---|---|---|
| 553241 | FDA Import Matter | 11222871 | 6/16/2021 | 46,530.00 |
| 694407 | Sanitizer Product Counselling | 11162020 | 10/22/2020 | 15,851.00 |
| 694407 | Sanitizer Product Counselling | 11177460 | 12/10/2020 | 3,701.50 |
| 694688 | Disinfectant Wipe Product Counselling | 11162021 | 10/22/2020 | 34,961.50 |
| 694688 | Disinfectant Wipe Product Counselling | 11177433 | 12/10/2020 | 24,152.00 |
| 694688 | Disinfectant Wipe Product Counselling | 11222830 | 6/16/2021 | 16,619.50 |
| 694688 | Disinfectant Wipe Product Counselling | 11228806 | 7/7/2021 | 1,380.00 |
| | **Total** | | | **$143,195.50** |

15. Mark One Wipes has not made any payment toward any Alston invoice.

## COUNT I
### (Breach of Contract)

16. Alston realleges and reincorporates the factual allegations set forth in the preceding paragraphs above by reference as if fully rewritten herein.

17. Alston and Mark One Wipes entered into a valid and enforceable contract for Alston's legal services.

18. Alston has fully performed its duties under the contract by competently and skillfully performing legal services for Mark One Wipes

19. Mark One Wipes has not paid any of the invoices Alston has submitted to it.

20. Mark One Wipes has breached its contract with Alston by failing to pay Alston the balance due and owing under the contract.

21. As a result of Mark One Wipes's breach, Alston has sustained damages in the amount of $143,195.50, exclusive of any interest thereon.

10

## COUNT II
### (Quantum Meruit)

22. Alston realleges and reincorporates the factual allegations set forth in the preceding paragraphs above by reference as if fully rewritten herein.

23. Alston provided valuable legal services to Mark One Wipes, worth not less than $143,195.50, exclusive of any interest thereon.

24. Mark One Wipes has accepted and benefited from the legal services provided by Alston.

25. Alston notified Mark One Wipes that it expected to be paid for its legal services.

26. Mark One Wipes has not paid Alston for any legal services rendered by Alston.

27. As a result, Mark One Wipes has been unjustly enriched by receipt and enjoyment of legal services without payment and for which payment was expected and requested. The value of this enrichment is equal to the unpaid legal fees and expenses set forth above, exclusive of any interest thereon.

### PRAYER FOR RELIEF

**WHEREFORE**, defendant/counterclaimant Alston & Bird LLP prays for entry of judgment against plaintiff/counterclaim defendant Mark One Wipes, LLC as follows:

    a. An award of compensatory damages in excess of $143,195.50;

    b. An award of any pre-judgment and post-judgment interest permitted by law;

    c. An award of costs related to the prosecution of this lawsuit;

    d. An award of its reasonable attorney's fees incurred herein; and

    e. Any other relief to which it may be entitled as permitted by Fed. R. Civ. P. 54(c).

6183529.1

        Respectfully submitted,

        EASTMAN & SMITH LTD.

        /s/ Adam S. Nightingale
        Reginald S. Jackson, Jr. (0003558)
        Adam S. Nightingale (0079095)
        Nicholas W. Bartlett (0100990)
        One SeaGate, 27th Floor
        P.O. Box 10032
        Toledo, Ohio  43699-0032
        Telephone:  (419) 241-6000
        Fax:            (419) 247-1777
        E-mail:   rsjackson@eastmansmith.com
                  asnightingale@eastmansmith.com
                  nwbartlett@eastmansmith.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically with the Court on May 31, 2022.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

        /s/ Adam S. Nightingale
        An Attorney for Defendants